## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

### CIVIL ACTION NO. 3:08CV-P492-H

**ALONZO D. MALONE, JR.**                                                    **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**                                          **RESPONDENT**

### <u>MEMORANDUM OPINION</u>

Petitioner Alonzo D. Malone, Jr., initiated the instant action by filing a motion for release from further prosecution and for release from incarceration (DN 1). For the reasons that follow, the Court will construe the motion as a petition for writ of habeas corpus, deny the petition, and deny a certificate of appealability.

### I.

Petitioner reports that state criminal charges were brought against him in Jefferson County in May 2008. He claims that he has been to court seven times without due process, and he also alleges violations of the Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution. He asserts that he did not resist arrest, that he did not violate a "No Unlawful Contact order," and that he did not engage in disorderly conduct. He further alleges that neither his public defender nor the court will entertain any of his motions.[1]

Because Petitioner alleges that he is in custody in violation of the Constitution, the Court construes this action as a petition for writ of habeas corpus. More specifically, because

---

[1]Petitioner also alleges that he has suffered cruel and unusual punishment at the Louisville Metro Department of Corrections but advises that he is currently working on a § 1983 lawsuit regarding any such claims.

Petitioner has filed a pretrial petition and is not yet "in custody pursuant to the judgment of a State court," *see* 28 U.S.C. § 2254, the Court construes the petition as being brought pursuant to 28 U.S.C. § 2241.  *See* § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) ("Pretrial petitions . . . are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

Because Petitioner failed to exhaust his state remedies, however, the petition must be denied.  While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court has, nevertheless, held that a petitioner must exhaust his state remedies before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The exhaustion requirement was born of the principles of comity and federalism.  Although federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, courts have recognized that they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *Atkins*, 644 F.2d at 546.

> [The abstention] doctrine "preserves the role of the state courts in the application and enforcement of federal law.  Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.  It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law

2

and most effectively supervise and impose uniformity on trial courts."   Note,
Developments in the Law Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094
(1970).

*Braden*, 410 U.S. at 490-91.

What a petitioner must do to exhaust his remedies depends upon the nature of the claims

asserted in the habeas petition and the type of relief he seeks.  *Dickerson v. Louisiana*, 816 F.2d

220, 226 (5th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620 (D. Neb. 1994).  Where a

claim, if successful, would be dispositive of the pending state criminal charges, exhaustion is

complete only when the defendant presents the issue at the state criminal trial.  *Moore*, 875 F.

Supp. at 624 (quoting *Dickerson*, 816 F.2d at 225-26).  Examples of such dispositive issues

include an affirmative defense to the criminal charges themselves, *Braden*, 410 U.S. at 489;

*Atkins*, 644 F.2d at 547, or claims that would "abort a state proceeding," cause the dismissal of

an indictment, or forbid prosecution.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976);

*Atkins*, 644 F.2d at 546-47.  Absent special circumstances,[2] none of which are present here,

habeas review of dispositive claims is not available prior to the criminal trial.  *Braden*, at 489

(quoting *Ex parte Royall*, 117 U.S. 214, 253 (1886)) ("[F]ederal habeas corpus does not lie,

absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state

criminal charge prior to a judgment of conviction by a state court."); *Atkins*, 644 F.2d at 547

---

[2]In his dissent in *Braden*, Justice Rehnquist stated, "The situations in which pretrial or preconviction federal interference by way of habeas corpus with state criminal processes is justified involve the lack of jurisdiction, under the Supremacy Clause, for the State to bring any criminal charges against the petitioner."  *Braden*, 410 U.S. at 508 ((Rehnquist, J., dissenting) (citing *Wildenhus's Case*, 120 U.S. 1 (1887)).  Another special circumstance is where a petitioner claims that the trial would subject him to double jeopardy.  *See, e.g., Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 303 (1984).  Moreover, a defendant who seeks to have the prosecuting authorities bring him to trial properly asserts that argument in a pretrial habeas petition.  *Braden*, *supra.*  With either situation, however, the petitioner must exhaust available remedies prior to seeking pretrial habeas relief.

("'[A]n attempt to dismiss an indictment or otherwise prevent a prosecution' protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus.").

Although Petitioner has not presented his claims in great detail, he does assert, albeit broadly, Sixth, Eighth, Thirteenth, and Fourteenth Amendment claims which he fails to show he would be precluded from asserting during the course of his criminal trial, on direct appeal, or through a properly filed collateral attack.  Further, to the extent that he claims that the court will not entertain his motions, he may file a petition for writ of mandamus in the appellate court[3] asking it to compel the lower court to rule on his motion(s).  He may also assert an ineffective assistance of counsel claim in a properly filed collateral attack of his state court conviction, should a conviction occur.  It is clear that Petitioner's request for intervention by this Court is an attempt "to disrupt the orderly functioning of state judicial processes." *Braden*, 410 U.S. at 491. To rule on the merits of his petition would at this time undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

Because Petitioner has not availed himself of any state court remedy, the petition must be dismissed to allow the state courts to have the first opportunity to address the constitutional challenges he now raises.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue

---

[3]It is unclear whether Petitioner's case is at the district court level, in which instance the appellate court would be the circuit court, or whether his criminal action is at the circuit court level, in which case the appellate court would be the Kentucky Court of Appeals.

"only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner
         Respondent
         Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
         Frankfort, KY 40601
4412.005